UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-cv-21380-ALTMAN

**TATIANA HERNANDEZ**,

    *Plaintiff,*

v.

**MARTIN O'MALLEY**, *Commissioner*
*of Social Security*,

    *Defendant.*

_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

Our Plaintiff—Tatiana Hernandez—has filed a Motion for Summary Judgment (the "Motion for Summary Judgment") [ECF No. 14] "on the grounds that there is no genuine issue as to any material fact and that she is entitled to judgment as a matter of law, reversing and remanding the decision of the Defendant, denying her claims for disability benefits under Titles II and XVI of the Social Security Act." *Id.* at 1. The Defendant, Martin O'Malley, Commissioner of Social Security, has filed a Cross-Motion for Summary Judgment ("Cross-Motion for Summary Judgment") [ECF No. 16], arguing that the "Defendant applied the correct legal standards, substantial evidence supports Defendant's findings, and Defendant is entitled to judgment as a matter of law." *Id.* at 1.

On January 16, 2025, U.S. Magistrate Judge Bruce E. Reinhart issued a report and recommendation, suggesting that "the District Court GRANT Plaintiff's Motion for Summary Judgment (ECF No. 14), DENY Defendant's Motion for Summary Judgment (ECF No. 16), and remand for further proceedings." Report and Recommendation (the "R&R") [ECF No 20] at 16. Magistrate Judge Reinhart also issued the following warning:

> A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable Roy K. Altman, United States District Court Judge for the Southern District of Florida, within FOURTEEN (14) DAYS of being

served with a copy of this Report and Recommendation. Failure to timely file objections shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016).

*Ibid.* More than fourteen days have passed, and neither side has objected. *See generally* Docket.

When a magistrate judge's "disposition" has been properly objected to, district courts must review that disposition *de novo*. FED. R. CIV. P. 72(b)(3). But, when no party has timely objected, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." FED. R. CIV. P. 72 advisory committee's notes (citation omitted). Although Rule 72 itself is silent on the standard of review, the Supreme Court has acknowledged that Congress's intent was to require *de novo* review only where objections have been properly filed—and not, as here, when no party objects. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate [judge]'s factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."). In any event, the "[f]ailure to object to the magistrate [judge]'s factual findings after notice precludes a later attack on these findings." *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988) (citing *Nettles v. Wainwright*, 677 F.2d 404, 410 (5th Cir. 1982)).

Having reviewed the R&R, the record, and the applicable law—and finding no clear error on the face of the R&R—we hereby **ORDER and ADJUDGE** as follows:

1. The Report and Recommendation [ECF No. 20] is **ACCEPTED and ADOPTED** in full.

2. The Plaintiff's Motion for Summary Judgment [ECF No. 14] is **GRANTED**.

3. The Defendant's Cross-Motion for Summary Judgment [ECF No. 16] is **DENIED**.

4. Pursuant to 42 U.S.C. § 405(g), the decision of the Commissioner is **VACATED** and **REVERSED**, and this case is **REMANDED** to the Commissioner for further action.

5. Upon remand, the Appeals Council will remand this case to an Administrative Law Judge ("ALJ") with instructions that "the ALJ must reassess the opinions of [the treating providers] Mr. Rios and Ms. Perez as well as reevaluate Ms. Hernandez's RFC [residual functional capacity] to include limitations caused by her severe mental and physical impairments or to explain why, based on accurately characterized evidence in the record, they are not warranted," R&R at 15–16; offer the claimant an opportunity for a hearing; and issue a new decision.

6. The case shall remain **CLOSED**.

7. All other pending motions are **DENIED as moot**, all hearings are **CANCELED**, and any remaining deadlines are **TERMINATED**.

8. Pursuant to Federal Rule of Civil Procedure 58, final judgment will be entered separately.

**DONE AND ORDERED** in the Southern District of Florida on February 11, 2025.

_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record