**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE No. 24-CIV-21380-ALTMAN/REINHART

TATIANA HERNANDEZ,

        Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.

_____/

**REPORT AND RECOMMENDATION ON PLAINTIFF'S UNOPPOSED MOTION FOR AN AWARD OF ATTORNEY'S FEES UNDER THE EQUAL ACCESS TO JUSTICE ACT (ECF NO. 26)**

On January 15, 2025, I issued a report and recommendation that Plaintiff's motion seeking to reverse the denial of disability benefits and remand for further proceedings be granted; the District Court adopted my findings and the matter was remanded back to the Commissioner on February 12, 2025. ECF Nos. 20, 21. Plaintiff now moves for an award of attorney's fees pursuant to the Equal Access to Justice Act (EAJA). ECF No. 26. I have reviewed the motion which indicates that the Commissioner does not oppose the relief requested. *Id*.

In the pending motion, Plaintiff seeks $9,318.08 in attorney's fees. ECF No. 26. Plaintiff states that she is entitled to recover her attorney's fees pursuant to the EAJA because she is the prevailing party in this action, her net worth does not exceed $2,000,000, and the position of the United States in this action was not substantially

justified. *Id.* For the reasons stated herein, I find that Plaintiff's motion should be **GRANTED**.

## I. ENTITLEMENT TO FEES

"The Equal Access to Justice Act (EAJA) authorizes a district court to award an attorney's fee to an individual who prevails in a suit in which the Government is the opposing party and in which the Government's litigating position was not 'substantially justified.'" *Taylor v. Heckler*, 778 F.2d 674, 675 (11th Cir. 1985). The EAJA provides, in relevant part:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A).

The Eleventh Circuit has held that three "critical prerequisites" must be satisfied before a claimant may be awarded attorney's fees pursuant to the EAJA: (1) the claimant must be a prevailing party, (2) the claimant must file an application for fees "within thirty days of final judgment in the action," and (3) the district court must find that "the position of the government was not 'substantially justified' and that no 'special circumstances' make an award of fees unjust." *Taylor*, 778 F.2d at 676 (citing 28 U.S.C. § 2412(d)(1)(A), (B) (1982)). In addition to these critical prerequisites, the claimant's net worth must not have exceeded $2,000,000 at the time the action was filed. 28 U.S.C. § 2412(d)(2)(B).

The Commissioner does not dispute Plaintiff's prevailing party status. Indeed, Plaintiff obtained a judgment in her favor and the matter was remanded to the Commissioner for further proceedings. ECF No. 22. *See Ochmanski v. Kijakazi*, No. 21-24429-CIV, 2023 WL 4349157, at *1 (S.D. Fla. Mar. 29, 2023) (where court granted social security plaintiff's summary judgment motion, he is the prevailing party for purposes of the EAJA), report and recommendation adopted, No. 21-24429-CIV, 2023 WL 4144363 (S.D. Fla. June 23, 2023).

Plaintiff's motion was timely filed. The 30-day deadline for filing a motion for attorney's fees under the EAJA begins after the time for an appeal of the judgment has ended. *See Shalala v. Schaefer*, 509 U.S. 292, 302 (1993) ("An EAJA application may be filed until 30 days after a judgment becomes "not appealable"—i.e., 30 days after the time for appeal has ended."). Here, the 30-day deadline began 60 days after judgment was entered in favor of Plaintiff. *See* Fed. R. App. P. 4(a)(1)(B) (establishing that the United States, its agencies, and its officers sued in their official capacity are afforded 60 days to file a notice of appeal after entry of judgment). In other words, Plaintiff was required to file her motion for attorney's fees pursuant to the EAJA on or before May 12, 2025. Plaintiff filed her motion on April 7, 2025, and so her motion is timely.

Next, as required by the EAJA, the motion alleges that the position of the United States was not substantially justified because the ALJ "failed to apply proper legal standards in evaluating this case," resulting in a decision that "was not based on substantial evidence." ECF No. 26 at 2; 28 U.S.C. § 2412(d)(1)(B). "The

government bears the burden of showing that its position was substantially justified." *See Stratton v. Bowen*, 827 F.2d 1447, 1450 (11th Cir. 1987). As the motion is unopposed, the Commissioner does not argue that the position of the government was substantially justified or that special circumstances make an award of fees unjust. Accordingly, I find that the position of the Commissioner was not substantially justified and that there are no special circumstances that would make an award of fees unjust.

Finally, the motion states that Plaintiff's net worth is less than $2,000,000. ECF No. 26 at 2. Accordingly, Plaintiff is entitled to recover her attorney's fees pursuant to the EAJA. The Court next considers the reasonableness of the attorney's fees sought.

## II. REASONABLE FEE

The EAJA requires that fees be reasonable and "based upon prevailing market rates for the kind and quality of the services furnished, except that. . . (ii) attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). First, the Court must determine the market rate for "similar services [provided] by lawyers of reasonably comparable skills, experience, and reputation." *Meyer v. Sullivan*, 958 F.2d 1029, 1033 (11th Cir. 1992) (citing *Norman v. Housing Authority of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1998)). Then, if the market rate is greater than $125 per hour, the Court must determine whether it should

"adjust the hourly fee upward from [$125] to take into account an increase in the cost of living, or a special factor." *Meyer*, 958 F.2d at 1033-34.

Here, Plaintiff's counsel seeks compensation at an hourly rate of $251.84 for work performed in 2024 and 2025. ECF No. 15-3 at 1. The requested rate is reasonable because it accounts for a cost-of-living increase based on the Consumer Price Index since the statutory hourly rate was set in March of 1996. ECF No. 26 at 9-10. The Commissioner does not dispute the reasonableness of the hourly rate requested. Moreover, other courts have awarded comparable EAJA hourly rates for work performed in 2024. *See McManus v. O'Malley*, No. 23-CV-61963, 2024 WL 3345510, at *1 (S.D. Fla. June 26, 2024), (approving stipulated hourly rate of $247.14), report and recommendation adopted, No. 23-61963-CIV, 2024 WL 3338805 (S.D. Fla. July 9, 2024); *Larrinua v. Colvin*, No. 24-CV-21165, 2024 WL 5284894, at *2 (S.D. Fla. Dec. 17, 2024) (court approved hourly rate of $244.62), report and recommendation adopted No. 1:24-CV-21165-KMM, 2025 WL 33550 (S.D. Fla. Jan. 6, 2025). Accordingly, I find the hourly rate sought by Plaintiff's counsel to be reasonable.

Plaintiff's counsel seeks reimbursement of 37 hours for representing Plaintiff in this matter and she has provided a breakdown of the billable time. ECF No. 26 at 2, 4, 6. The Commissioner does not challenge the reasonableness of the hours requested. Upon review of counsel's billing records, I find that the hours spent by Plaintiff's counsel are reasonable. Therefore, I find that Plaintiff is entitled to an award of $9,318.08 in attorney's fees.

## RECOMMENDATION

I find that Plaintiff's Motion (ECF No. 26) should be **GRANTED** and she should be awarded a total of $9,318.08 in attorney's fees under the Equal Access to Justice Act. These amounts are to be paid directly to Plaintiff's counsel if Plaintiff does not owe a debt subject to offset.

## NOTICE OF RIGHT TO OBJECT

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable Roy K. Altman, United States District Judge for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendation. Failure to timely file objections shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016).

**If counsel do not intend to file objections, they shall file a notice advising the District Court within FIVE DAYS of this Report and Recommendation.**

**DONE AND SUBMITTED** in Chambers this 8th day of April, 2025, at West Palm Beach in the Southern District of Florida.

_____
BRUCE E. REINHART
UNITED STATES MAGISTRATE JUDGE