UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-cv-21380-ALTMAN

**TATIANA HERNANDEZ**,

    *Plaintiff*,

v.

**MARTIN O'MALLEY**, *Commissioner*
*of Social Security*,

    *Defendant*.

_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

Our Plaintiff—Tatiana Hernandez—has filed an Unopposed Motion for Attorney's Fees Under the Equal Access to Justice Act [ECF No. 26].

On September 15, 2025,[1] Magistrate Judge Bruce E. Reinhart issued a report and recommendation, in which he recommended that the Motion "be GRANTED and [the Plaintiff] should be awarded a total of $9,318.08 in attorney's fees under the Equal Access to Justice Act. These amounts are to be paid directly to Plaintiff's counsel if Plaintiff does not owe a debt subject to offset." Report and Recommendation (the "R&R") [ECF No. 28] at 6 (emphasis removed). Magistrate Judge Reinhart also issued the following warning:

> A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable Roy K. Altman, United States District Judge for the Southern District of Florida, within FOURTEEN (14) DAYS of being served with a copy of this Report and Recommendation. Failure to timely file objections shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016). If counsel do not intend to file objections, they shall file a notice advising the District Court within FIVE DAYS of this Report and Recommendation.

---

[1] The Report and Recommendation (the "R&R") was signed on April 8, 2025, but it appeared on the Docket on September 15, 2025. *See* R&R [ECF No. 28].

*Ibid.* (emphasis removed). More than five days have passed, and neither side has objected. *See generally* Docket.

When a magistrate judge's "disposition" has been properly objected to, district courts must review that disposition *de novo*. FED. R. CIV. P. 72(b)(3). But, when no party has timely objected, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." FED. R. CIV. P. 72 advisory committee's notes (citation omitted). Although Rule 72 itself is silent on the standard of review, the Supreme Court has acknowledged that Congress's intent was to require *de novo* review only where objections have been properly filed—and not, as here, when no party objects. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate [judge]'s factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."). In any event, the "[f]ailure to object to the magistrate [judge]'s factual findings after notice precludes a later attack on these findings." *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988) (citing *Nettles v. Wainwright*, 677 F.2d 404, 410 (5th Cir. 1982)).

Having reviewed the R&R, the record, and the applicable law—and finding no clear error on the face of the R&R—we hereby **ORDER and ADJUDGE** as follows:

1. The Report and Recommendation [ECF No. 28] is **ACCEPTED and ADOPTED** in full.
2. The Plaintiff's Unopposed Motion for Attorney's Fees Under the Equal Access to Justice Act [ECF No. 26] is **GRANTED**.
3. The case shall remain **CLOSED**.

**DONE AND ORDERED** in the Southern District of Florida on October 9, 2025.

_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc:   counsel of record